McCAUL-DINSMORE COMPANY, Appellant, v. HEYLER, Respondent.

(184 N. W. 243.)

(File No. 4883.    Opinion filed August 31, 1921.)

1.  Sales—Oral Contract for Hay Delivery as Vendee "Might Require"—Vendee's Recovery for Breach, Non-mutuality, Statute of Frauds, Whether Valid Defenses.

Under an oral contract whereby defendant agreed to furnish plaintiff such quantities of baled hay as it might require to supply customers until such time as defendant might notify plaintiff he could supply no more, hay to be delivered on board cars at three different points at specified prices per ton; plaintiff vendee having contracted to sell and deliver hay at various points and on sale of each carload placed an order therefor with defendant,· defendant failing to deliver when ordered, plaintiff thereafter buying on the market at advanced prices to fill orders; held, there was no mutuality of agreement, and the contract was within statute of frauds and void; since no part of hay was delivered nor any part of its price paid at time contract was made, and no mutuality, since while defendant might have loaded hay on cars at the said three stations and tendered same to plaintiff, latter was under no obligation to accept or become liable therefor.

2.  Same—Actual Hay Order Within Year, Defendant's Positive Agreement to Ship, Effect Re Mutuality—Issues for Jury Specified.

But where, after making such contract and within one year, vendee actually ordered from defendant and directed shipment of 89 cars of hay at a specified price, and defendant then positively agreed to load and ship hay pursuant to said order, vendee became bound to pay therefor, thus supplying element of mutuality theretofore lacking.

3.  Same—Oral Invalid Contract Re Statute of Frauds, Vendor's Executed and Accepted Agreement to Ship Hay Within Year, As Part Performance Under Statute—What Issues Submissible to Jury.

Where under an invalid oral contract for sale and shipment

of hay on vendee s orders, vendor within the year thereafter agreed to and did ship at latter's direction nine cars of hay, all but two cars of which were billed at prices in excess of the previously agreed price, such shipment being paid for; **held**, that if the two cars were shipped pursuant to the original contract, there was such part performance as took case out of statute of frauds; and case should have gone to jury on issues (1) as to whether any contract at all was entered into, (2) whether supplemental agreement as claimed by plaintiff-vendee which supplied element of mutuality was entered into on date alleged, and (3) whether the two cars were shipped pursuant to and as part performance of contract sued on.

Appeal from Circuit Court, Brown County.    Hon. FRANK ANDERSON, Judge.

Action by McCaul-Dinsmore Company, a corporation, against Harry G. Heyler, to recover damages for breach of an alleged contract of sale of baled hay on plaintiff's orders. From a judgment for defendant or directed verdict, and from an order denying a new trial, plaintiff appeals. Reversed.

*Geo. H. Fletcher,* and *Ezra L. Baker,* for Appellant.

*McNulty & Campbell,* for Respondent.

(1) To point one of·the opinion, Appellant cited:    Mc-Intyre Lumber Co. v. Jackson Lumber Co. (Ala.) 138 A. S. R. 66.

Respondent cited:    Scott v. Stevenson Co., 130 Minn. 151, 153 N. W. 316; Higbie v. Rust, 211 Ill. 333, 71 N. E. 1010.

(2) To point two, Appellant cited:    Mechem on Sales, Sec. 401, page 347, Vol. 1.

(3) To point three, Respondent cited:    Gilbert v. Lichtenberg, 98 Mich. 417, 57 N. W. 259.

POLLEY, P. J.    Action to recover damages for failure to deliver a quantity of hay plaintiff claims defendant contracted to deliver. The trial court directed a verdict for defendant, and plaintiff appeals.

It is alleged in the complaint that during the month of November, 1919, plaintiff and defendant entered into a· contract whereby defendant agreed to furnish to plaintiff such quantities of baled hay as plaintiff might require to supply its customers until such time as defendant might notify plaintiff that he could supply no more. By the terms of the contract the hay was to be delivered on board the cars at Forbes, N. D., and at Summit and

Beebe, S. D., at the following prices: At Forbes and Beebe, $17.50, and at Summit, $18, per ton. Relying upon this contract, plaintiff contracted to sell and deliver hay at various points in North Dakota and Montana in carload lots, and upon the sale of each carload placed an order for such hay with defendant. Defendant failed to deliver the hay when ordered, and plaintiff was compelled to purchase hay on the market to fill its orders, but at an advanced price, and this action is brought to recover the difference between the price at which defendant agreed to furnish the hay and the price plaintiff was obliged to pay on the market.

[1] Defendant's answer is a general denial, but his motion for a directed verdict was based upon the ground that there was no mutuality of agreement between plaintiff and defendant, and that the contract was within the statute of frauds and void because no part of it was in writing. As the contract originally stood, both these grounds were good; for the contract was wholly oral, and no part of the hay was delivered, nor any part of its purchase price paid at the time the contract is claimed to have been made. Neither was there any mutuality of agreement, for, while the defendant might have loaded the hay on the cars at the three stations mentioned in the contract, and tendered it to plaintiff in any quantity, still plaintiff was under no obligation to accept or become liable for any of it.

[2] But, to obviate these objections, plaintiff showed that after the making of the contract, and prior to the 26th day of November, 1919, plaintiff actually did order from defendant and direct the loading and shipment of 89 cars of hay at the prices specified in the contract; that on the said 26th day of November plaintiff and defendant had a conversation, in which defendant positively agreed to load and ship the said 80 cars of hay that had already been ordered by plaintiff. Under this agreement, if it was made, plaintiff bound itself to accept and become liable for the said 89 cars of hay. This supplied the element of mutuality that theretofore had been lacking.

[3] To take the case out of the statute of frauds, plaintiff showed that after the agreement made on the 26th day of November, 1919, defendant did ship at plaintiff's direction 9 cars of hay. All of this hay, however, except 2 cars, was billed to plaintiff at prices materially higher than the prices that had been fixed

by the alleged contract. All of these cars were accepted and paid for by plaintiff at the prices at which they were shipped. If these two cars were shipped pursuant to the said contract, it was such a part performance as took the case out of the statute of frauds.

The case should have gone to the jury upon three issues of fact: First, as to whether any contract at all had been entered into by plaintiff and defendant; second, as to whether the supplemental agreement, as claimed by plaintiff, which supplied the element of mutuality, was entered into on the 26th day of November; and, third, whether the 2 cars that were shipped were shipped pursuant to and as a part performance of the contract claimed by plaintiff.

The judgment and order appealed from are reversed.